IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BRENTON NUTT,                     No. CIV S-07-0253-FC-CMK-P

    Petitioner,

  vs.                                                    FINDINGS AND RECOMMENDATIONS

ROSEANNE CAMPBELL, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on February 8, 2007.

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is a jurisdictional prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v.

1  Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[1]  A petitioner can satisfy the exhaustion
2  requirement by providing the highest state court with a full and fair opportunity to consider all
3  claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276
4  (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Upon review of the instant
5  petition, the court concludes that petitioner has not exhausted state court remedies as to any of
6  his claims.  Moreover, petitioner has not alleged that such remedies are no longer available.

7  In particular, petitioner argues that ". . . the trial court violated his due process
8  rights under the 14th Amendment by imposing an excessive restitution without holding a
9  separate trial to determine Petitioner's ability to pay . . ."  However, petitioner also plainly states
10 that he raised only one issue to the state court – whether the trial court erred under California
11 Government Code § 12967 in imposing restitution.  Petitioner did not raise the due process
12 claim.  The documents attached to the petition support this procedural summary.  Because
13 petitioner did not first present his due process claim to the state court before filing this case, the
14 petition is not exhausted and must be dismissed without prejudice.[2]

15 Based on the foregoing, the undersigned recommends that petitioner's petition for
16 a writ of habeas corpus be summarily dismissed for failure to exhaust state court remedies.

17 These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21 / / /
22 / / /

---

[1] A petition may, however, be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).

[2] Petitioner argues at great length in the petition that his claim is not barred due to any procedural default in the state court.  The court's conclusion, however, is not based on application of any procedural bars, regarding which the court expresses no opinion.

1  Findings and Recommendations." Failure to file objections within the specified time may waive
2  the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED: April 20, 2007.

  *[signature: Craig M. Kellison]*
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE